*38 OPINION of the court, by
Judge Bibb.
— A rehearing has been moved for upon the production of the grant to Evan Shelby, bearing date on the first day of September 1782, in which the survey is recited as of the 10th of June 1780, accompanied with affidavits that the said grant was used as a part of the evidence in the circuit court; that Gray, one of the affiants, “ did not know it was not used, and among the papers on the trial-— in this court, until since the decision of the cause— Isaac Shelby, who is interested and is the other affiant, states that the clerk of the inferior court did promise him ta “ make out a certificate copy of the aforesaid patent and send it on with the other papers of the said suit to the court of appeals” — ^together with the statement of Henry,Clay, Esq. “ that when, the counsel for Cleland’s heirs offered, on the argument in the court of appeals-^that a copy of Evan Shelby’s survey might be filed, he understood in consequence of what passed --that the said counsel had procured an examination to be made into the date of the said survey, and found that it was subsequent to Weeden’s entry ; that notwithstanding this impression, which was distinctly made on his mind, *39 he intended to have examined the register’s office, for his own satisfaction — ” but that he went to Lexington shortly after the argument terminated, and did not return until the cause was decided, which was much e.arlier ihan he expected.
{„ continuances not to be so ex-,cr“U“*-⅛ rehearing"* grounded on sugseft‘°n»fdi. muiution of record — but nei. therto be favored’
The petition can granted only upon of two propositions : 1st. That the evidence so withheld is material, and likely to produce a change of the decision. 2d. That the applicant is entitled to his motion at this late period by shewing good cause for having failed to suggest diminution of the record at an earlier period.
Upon the first question the evidence can only be regarded as tar as it has an aspect towards the great desideratum, notoriety, of Evan Shelby’s survey, as early as the 26th of June, 1780. The absence of evidence of the date of Evan Shelby’s survey is used in the opinion delivered only as argument of the want of “ notoriety.” For although the survey actually had been made before Weeden’s entry, yet if that survey had not notoriety internally or externally, it could not uphold Weeden’s dependant entry. So far as this question of notoriety of the survey, depends on evidence aliunde, of abstracted from the certificate of survey, it has been suf-nciently noticed in the former opinion. It remains to - . , rr , , . 1 - , . mquire what effect the production of the patent containing the certificate of survey, can have. The survey was made only sixteen days before Weeden’s entry calls for it. This short lapse of time raises a strong presumption against the netoriety of the survey at the date of Wee-den’s entry, and would justify the court, in giving efficacy and credence to the depositions of the two witnesses who speak of notoriety, should they remove that notoriety of which.those witnesses speak, to the latest period which would fall within their expressions “summer” of 1780. It serves also to give weight to their distinction between considerable notoriety in the “ summer” of 1780, and great notoriety after that year. It may be supposed that description in this certificate of survey supplies the place of parol evidence of notoriety of the survey. But it is clear that no description in this certi-ficatejOf Evan Shelby’s survey, can aid Weeden’s entry; because it does not appear that the certificate was even made out or deposited in the surveyor’s office at the date *40 of Weeden'’s entry. But if it had been recorded, yet it was inaccessible to holders of warrants — they were not entitled to a copy until twelve months after the making of the survey ; nor was the surveyor himself bound to record it in less than three months alter the survey was made. So that any description contained in the certificate of survey made for Evan Shelby, must be disregarded as unconnected with Weeden’s entry ; according to the principles heretofore decided in the case of Ward and Kenton vs. Lee, assignee of Young.
Upon this view of the evidence, we would be silent on the second proposition, but that such silence might be construed into a recognition of the causes set forth, as a sufficient reason for interfering after a decree rendered in the appellate court. The cause made out ought to be cogent and the appearance of negligence wiped away% before the decision of the court of the last resort should be set aside for the purpose of supplying testimony, upon a suggestion of diminution of the record. Parties must by themselves or their counsel, examine the transcripts of records, and move in due time for continuances, if necessary. Motions for continuances are not to be viewed with such exact scrutiny as petitions of this kind, where the party has felt the weaker parts of his evidence ; and neither of the applications ought to be favored.
So far as the affidavits of Shelby' and Gray have bearing, they shew no legal excuse for not having discovered during the time which elapsed since the record was lodged, that the patent had not been certified. The statement of the counsel of the defendant in error, shews that if the absence of the certificate of survey was more favorable to his client than the production of it, he meant to avail himself of that benefit. For he refused to accept of the proposal upon the distinct impression made on his mind, that the date of Shelby’s survey was subsequent to Weeden’s entry7. If it had been so, the presence of the copy would have repelled the presumption of notoriety attempted to be drawn from the depositions. His contemplated examination was therefore to ascertain on which side the interest of his client was. As the proposition, if acceded to, was calculated to throw light and truth upon the case, and the refusal was dictated by a supposed benefit resulting to *41 the petitioner from the absence of the copy of the survey, we cannot perceive that this statement of the counsel can have any favorable effect in behalf of the petition.
Upon either question therefore, the application for a rehearing must fail. It is therefore adjudged and ordered, that the said petition be, and it is hereby overruled.